UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENDA L. WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-03013-SEB-MJD |
| | ) |
| PETER KIM M.D., | ) |
| SOUTHEAST HEALTH CENTER, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTION TO REOPEN CASE**

On November 23, 2020, we granted Plaintiff's Motion to Proceed *In Forma Pauperis*. [Dkt. 4]. However, we found that her Complaint must be dismissed for lack of subject matter jurisdiction. [*Id.*]. As we explained to Plaintiff, our court has an obligation to "determine whether subject matter jurisdiction exists" as well as a duty to "dismiss [a] complaint in its entirety" when it fails to invoke our subject matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). We further informed Plaintiff that as a federal court (unlike a state court), we have limited subject matter jurisdiction, meaning that we can generally only hear two types of cases: cases involving federal questions (controversies arising under a federal statute or the United States Constitution) or cases where there is diversity of citizenship of the parties. *Id.* at 513.

Here, Plaintiff had specifically alleged that Dr. Peter Kim, a physician with the Southeast Health Center in Indianapolis, Indiana, prescribed Penicillin to her despite

knowing that she was allergic. Plaintiff also alleged that Dr. Kim had touched her in an inappropriate sexual manner without her consent. Though Plaintiff had indicated in her Complaint that she believed Dr. Kim's actions violated federal law or the Constitution, our November 23, 2020 Order explained that these alleged facts, taken as true, do not reflect a violation of the Constitution or federal rights.

We further stated that in order for our court to exercise jurisdiction over potential state law claims such as these, the parties' citizenship must be "diverse," meaning that they must be citizens of different states. *See* 28 U.S.C. § 1332. Because Plaintiff's complaint alleged that both she and Defendant were citizens of Indiana, the Complaint did not satisfy the diversity jurisdiction requirements.  [Dkt. 4].

For these reasons, we dismissed Plaintiff's Complaint for lack of subject matter jurisdiction. We nonetheless provided Plaintiff an opportunity to file an amended Complaint clarifying or refining her basis for subject matter jurisdiction. [*Id.*]

Plaintiff accepted this invitation, and, on December 4, 2020, filed her Amended Complaint. [Dkt. 6]. However, upon our careful review of Plaintiff's Amended Complaint, we found that it suffered from the same deficiency of her original Complaint in that it failed to state a basis for subject matter jurisdiction. [Dkt. 7]. Specifically, Plaintiff restated her previous factual allegations that Dr. Kim prescribed her penicillin to which he knew she was allergic, and that Dr. Kim touched her inappropriately. We reiterated that while these facts may give rise to cognizable claims under state law, they do not give rise to any claim under federal law or the Constitution. Additionally, because Plaintiff did not allege that she and Dr. Kim are citizens of different states, we again

informed her that our court did not have diversity jurisdiction to hear these potential state law claims. [*Id.*]

Having provided Plaintiff with the opportunity to file an amended complaint to correct the prior deficiencies, we found it apparent that the claims she wished to pursue did not satisfy our court's subject matter jurisdiction requirements. [Dkt. 7]. Accordingly, final judgment was entered on December 14, 2020. [Dkt. 8]. We informed Plaintiff that her lawsuit was being dismissed without prejudice, so she would not be precluded from filing her claims in state court. [Dkt. 7].

Now before the Court is Plaintiff's Motion to Reopen, filed on December 21, 2020. [Dkt. 9]. With this motion, Plaintiff asserts that she mistakenly filed her Amended Complaint with "an incorrect court by accident" and requests that we reopen this matter to allow her to proceed with her claims against Dr. Kim in this court. [*Id.*]. Accompanying her Motion to Reopen is a copy of the Amended Complaint that we previously received on December 4, 2020 and reviewed in our December 14, 2020 Order. [*Compare* Dkt. 10 *with* Dkt. 6]. Though Plaintiff may have inadvertently filed her Amended Complaint with another court, she did, in fact, properly file it in this court as well. As previously explained, this Amended Complaint fails to properly invoke this court's subject matter jurisdiction. We thus **deny** Plaintiff's request to reopen this case.

## CONCLUSION

Plaintiff's Motion to Reopen [Dkt. 9] is **denied.**

IT IS SO ORDERED.

Date:   12/31/2020

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRENDA L. WHITE
4141 N. Ridgeview Drive
Indianapolis, IN 46226

Case 1:20-cv-03013-SEB-MJD   Document 11   Filed 12/31/20   Page 4 of 4 PageID #: 41